JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, AND CASCADIA WILDLANDS, | Case No.: 1:21-cv-00058-CL |
| Plaintiffs, | DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| v. | |
| UNITED STATES FISH AND WILDLIFE SERVICE, | |
| Defendant. | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant the United States Fish and Wildlife Service ("FWS") hereby responds as follows to the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF 1). The numbered paragraphs of Defendant's Answer correspond to the numbered paragraphs of Plaintiffs' Complaint.

1.     The allegations in Paragraph 1 consist of Plaintiffs' characterization of their suit and complaint, which requires no response. To the extent a response is required, Defendant denies the allegations.

2.     Defendant admits the allegations in the first sentence of Paragraph 2. Defendant admits the allegations in the second sentence of Paragraph 2 that, "[o]n July 24, 2020, FWS transmitted its BiOp." Defendant denies the remaining allegations in the second sentence of Paragraph 2 as Bear Grub and Round Oak are not "timber sales." Defendant avers that they are environmental assessments that analyze a set of potential forest management actions from which BLM authorizes particular forest management activities, including timber sales.

3.     The allegations in the first sentence of Paragraph 3 purport to describe and characterize the United States Bureau of Land Management ("BLM")'s decision records, which speak for themselves are the best evidence of their contents. Defendant denies any allegations inconsistent with the decision records' plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 3 purport to describe and characterize Defendant's Biological Opinion Addressing Medford District BLM's FY20 Batch of Projects on the Northern Spotted Owl ("BiOp") and BLM's environmental assessments, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or environmental assessment's plain language, meaning, and/or context.

4.     The allegations in the first sentence of Paragraph 4 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 4 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

5.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 5 and, on that basis, denies the allegations. The allegations in the second sentence of Paragraph 5 are vague and ambiguous, and Defendant denies the allegations on that basis. Defendant avers that it made a 12-month finding that reclassifying the northern spotted owl under the Endangered Species Act ("ESA") is warranted but precluded by higher priorities. Defendant denies the allegations in the third sentence of Paragraph 5.

6.      The allegations in Paragraph 6 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

7.      The allegations in Paragraph 7 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

8.      The allegations in Paragraph 8 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

9.      Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies the allegations.

10.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies the allegations.

11.     Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies the allegations.

12.     Defendant admits the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 purport to describe and characterize the Administrative Procedure Act ("APA"),which speaks for itself and is the best evidence of its

contents. Defendant denies any allegations inconsistent with the APA's plain language, meaning, and/or context.

14.     The allegations in Paragraph 14 purport to describe and characterize the APA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the APA's plain language, meaning, and/or context.

15.     The allegations in Paragraph 15 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. The allegations in Paragraph 15 also purport to describe and characterize the Ninth Circuit Court of Appeals' opinion in *Lands Council v. McNair*, 629 F.3d 1070 (9th Cir. 2010), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the opinion's plain language, meaning, and/or context.

16.     Defendant admits the allegation in Paragraph 16 that "Congress enacted the Endangered Species Act (ESA) in 1973." The remaining allegations in Paragraph 16 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

17.     The allegations in Paragraph 17 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

18.     The allegations in Paragraph 18 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

19.     The allegations in Paragraph 19 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

20.     The allegations in Paragraph 20 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

21.     The allegations in Paragraph 21 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

22.     Defendant admits the allegations in Paragraph 22.

23.     Defendant admits the allegations in the first sentence of Paragraph 23. Defendant avers that the ESA Section 7 regulations were made effective on October 28, 2019. Defendant admits the allegations in the second sentence of Paragraph 23. However, Defendant avers that the case citations included by Plaintiffs after the second sentence of Paragraph 23 are incorrect and that the correct citations referenced by Plaintiffs are as follows: *Ctr. for Biological Diversity v. Bernhardt*, No. 19-05206-JST (N.D. Cal. Aug. 21, 2019); *California v. Bernhardt*, No. 19-06013-JST, 2020 WL 3097091 (N.D. Cal. Sept. 25, 2019); *Animal Legal Defense Fund v. Bernhardt*, No. 19-06812-JST (N.D. Cal. Oct. 21, 2019).

24.     The allegations in Paragraph 24 purport to describe and characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the regulation's plain language, meaning, and/or context.

25.     The allegations in Paragraph 25 purport to describe and characterize 50 C.F.R. § 402.02, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the regulation's plain language, meaning, and/or context.

26.     Defendant admits the allegations in Paragraph 26.

27.     Defendant denies the allegations in Paragraph 27. Defendant avers that the northern spotted owl is one of the most studied raptors in the world.

28.     Defendant admits the allegations in Paragraph 28.

29.     The allegations in Paragraph 29 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

30.     The allegations in Paragraph 30 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

31.     The allegations in Paragraph 31 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

32.     The allegations in Paragraph 32 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

33.     The allegations in Paragraph 33 purport to describe and characterize Defendant's Protocol for Surveying Proposed Management Activities that May Impact Northern Spotted Owls (Feb. 7, 2011; revised Jan. 9, 2012), which speaks for itself and is the best evidence of its

contents. Defendant denies any allegations inconsistent with the Protocol's plain language, meaning, and or context.

34.     The allegations in Paragraph 34 purport to describe and characterize the BiOp and studies cited therein, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or studies' plain language, meaning, and/or context.

35.     The allegations in Paragraph 35 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

36.     The allegations in the first sentence of Paragraph 36 purport to describe and characterize the Determination of Threatened Status for the Northern Spotted Owl, 55 Fed. Reg. 26,114 (June 26, 1990), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the Determination's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 36 purport to describe and characterize the 12-Month Finding for the Northern Spotted Owl, 85 Fed. Reg. 81,144 (Dec. 15, 2020), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 12-Month Finding's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 36 purport to describe and characterize the complaint filed in *Environmental Protection Information Center v. U.S. Fish and Wildlife Service*, 3:20-cv-08657 (N.D. Cal. Dec. 8, 2020) and, potentially, complaints in other unnamed lawsuits, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the complaints' plain language, meaning, and/or context.

37.     Defendant admits the allegations in Paragraph 37.

Defendant's Answer to Complaint  - 7

38.     The allegations in Paragraph 38 purport to describe and characterize the Revised Recovery Plan for the Northern Spotted Owl, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the Revised Recovery Plan's plain language, meaning, and/or context.

39.     The allegations in Paragraph 39 purport to describe and characterize the Revised Recovery Plan for the Northern Spotted Owl, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the Revised Recovery Plan's plain language, meaning, and/or context.

40.     The allegations in Paragraph 40 purport to describe and characterize the Revised Recovery Plan for the Northern Spotted Owl, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the Revised Recovery Plan's plain language, meaning, and/or context.

41.     Defendant admits the allegations in Paragraph 41. Defendant avers that it has issued a final rule in January 2021 revising the northern spotted owl critical habitat designation. *See* Revised Designation of Critical Habitat for the Northern Spotted Owl, 86 Fed. Reg. 4,820 (Jan. 15, 2021). Defendant further avers that effective date of the January 2021 rule has been delayed to at least April 30, 2021. *See* Revised Designation of Critical Habitat for the Northern Spotted Owl; Delay of Effective Date, 86 Fed. Reg. 11,892 (Mar. 1, 2021). .

42.     The allegations in Paragraph 42 purport to describe and characterize the Designation of Revised Critical Habitat for the Northern Spotted Owl, 77 Fed. Reg. 71,876 (Dec. 4, 2012) ("2012 Critical Habitat Rule"), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, and/or context.

43.     The allegations in Paragraph 43 purport to describe and characterize the 2012 Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, and/or context.

44.     The allegations in Paragraph 44 purport to describe and characterize the 2012 Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, and/or context.

45.     The allegations in Paragraph 45 purport to describe and characterize the 2012 Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, and/or context.

46.     The allegations in the first sentence of Paragraph 46 are vague and ambiguous, and Defendant denies the allegations on that basis. Defendant avers that a portion of the Bear Grub project units are within KLE-3 and KLE-6. Defendant further avers that a portion of the Round Oak project units are within KLE-5. The allegations in the second and third sentences of Paragraph 46 purport to describe and characterize the 2012 Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, and/or context.

47.     The allegations in the first and second sentences of Paragraph 47 purport to describe and characterize the BiOp and 2012 Critical Habitat Rule, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or 2012 Critical Habitat Rule's plain language, meaning, and/or context. The

allegations in the third sentence of Paragraph 47 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

48.    The allegations in the first sentence of Paragraph 48 purport to describe and characterize the BiOp and 2012 Critical Habitat Rule, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or 2012 Critical Habitat Rule's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 48 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

49.    The allegations in the first sentence of Paragraph 49 purport to describe and characterize the BiOp and 2012 Critical Habitat Rule, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or 2012 Critical Habitat Rule's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 49 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

50.    The allegations in Paragraph 50 purport to describe and characterize the 2012 Critical Habitat Rule, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, and/or context.

51.    The allegations in Paragraph 51 purport to describe and characterize BLM's 2016 Resource Management Plan for Southwestern Oregon, which speaks for itself and is the best

evidence of its contents. Defendant denies any allegations inconsistent with the 2016 Resource Management Plan's plain language, meaning, and/or context.

52.    The allegations of Paragraph 52 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

53.    Defendant admits the allegations in the first sentence of Paragraph 53. The allegations in the second sentence of Paragraph 53 are vague and ambiguous, and Defendant denies the allegations on that basis. The allegations in the third sentence of Paragraph 53 purport to describe and characterize a 2016 study by Dugger et al., "The effects of habitat, climate, and Barred Owls on long-term demography of Northern Spotted Owls" which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the study's plain language, meaning, and/or context. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of Paragraph 53, on that basis, denies the allegations.

54.    The allegations in Paragraph 54 purport to describe and characterize the Revised Recovery Plan for the Northern Spotted Owl, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the Revised Recovery Plan's plain language, meaning, and/or context.

55.    The allegations in Paragraph 55 purport to describe and characterize the BiOp and an article by Gail S. Olson entitled "Modeling of Site Occupancy Dynamics for Northern Spotted Owls, with Emphasis on the Effects of Barred Owls," which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or article's plain language, meaning, and/or context.

Defendant's Answer to Complaint  - 11

56.     The allegations in the first sentence of Paragraph 56 purport to describe and characterize unnamed research, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the research's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 56 purport to describe and characterize an article by David J. Wiens entitled "Competitive Interactions and Resource Partitioning Between Northern Spotted Owls and Barred Owls in Western Oregon," which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the article's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 56 purport to describe and characterize an article by Katie M. Dugger entitled "The effects of habitat, climate, and Barred Owls on long-term demography of Northern Spotted Owls," which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the article's plain language, meaning, and/or context.

57.     The allegations in Paragraph 57 are vague and ambiguous, and Defendant denies the allegations on that basis. Defendant avers that parts of southwestern Oregon contain a checkerboard ownership between Federal land and non-Federal land, including private land.

58.     Defendant denies the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 are vague and ambiguous, and Defendant denies the allegations on that basis.

60.     The allegations in the first sentence of Paragraph 60 purport to describe and characterize an article by D.C. Donato, et al. entitled "Post-Wildfire Logging Hinders Regeneration and Increases Fire Risk," which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the article's plain language,

Defendant's Answer to Complaint  - 12

meaning, and/or context. The allegations in the second sentence of Paragraph 60 purport to describe and characterize an article by Harold S. J. Zald and Christopher J. Dunn entitled "Severe fire weather and intensive forest management increase fire severity in a multi-ownership landscape" and an article by Darren A. Clark et al. "Relationship Between Wildfire, Salvage Logging, and Occupancy of Nesting Territories by Northern Spotted Owls," which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the articles' plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 60 purport to describe and characterize an article by Damon B. Lesmeister entitled "Mixed-severity wildfire and habitat of an old-forest obligate," which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the article's plain language, meaning, and/or context.

61.    The allegations in Paragraph 61 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

62.    The allegations in Paragraph 62 purport to describe and characterize a United States Forest Service news release, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the news release's plain language, meaning, and/or context.

63.    Defendant admits the allegations in the first sentence of Paragraph 63 that "Congress enacted the Federal Land Policy and Management Act ("FLPMA") in 1976." The remaining allegations in Paragraph 63 purports to describe and characterize FLPMA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with FLPMA's plain language, meaning, and/or context.

64.     Defendant admits the allegations in the first sentence of Paragraph 64. The allegations in the second sentence of Paragraph 64 purport to describe and characterize BLM's 2016 Resource Management Plan for Southwestern Oregon, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2016 Resource Management Plan's plain language, meaning, and/or context. Defendant admit the allegations in the third sentence of Paragraph 64.

65.     The allegations in Paragraph 65 purport to describe and characterize BLM's 2016 Resource Management Plan for Southwestern Oregon, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the 2016 Resource Management Plan's plain language, meaning, and/or context.

66.     The allegations in the first sentence of Paragraph 66 are vague and ambiguous, and Defendant denies the allegations on that basis. The allegations in the second sentence of Paragraph 66 purport to describe and characterize a project proposal by BLM (including a scoping notice and preliminary environmental assessment), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the proposal's plain language, meaning, and/or context.

67.     Defendant admits the allegations in the first sentence of Paragraph 67 that "[o]n May 21, 2020, the Medford District of BLM transmitted its Biological Assessment ("BA") for the Medford BLM FY 2020 projects." Defendant denies the remaining allegations in the first sentence of Paragraph 67 as Bear Grub and Round Oak are not "timber sales." Defendant avers that they are environmental assessments that analyze a set of potential forest management actions from which BLM authorizes particular forest management activities, including timber sales. The allegations in the second sentence of Paragraph 67 purport to describe and characterize BLM's

biological assessment, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the biological assessment's plain language, meaning, and/or context.

68. Defendant denies the allegations in the first sentence of Paragraph 68. Defendant avers that on July 24, 2020, the Roseburg Field Office of FWS transmitted a BiOp for the Bear Grub and Round Oak environmental assessments. The allegations in the second sentence of Paragraph 68 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

69. Defendant denies the allegations in Paragraph 69 as Bear Grub and Round Oak are not "timber sales." Defendant avers that the Bear Grub and Round Oak are environmental assessments that analyze a set of potential forest management actions, from which BLM authorizes particular forest management activities, including timber sales are located in southwest Oregon, between the Cascade mountain range and the Coast Range.

70. The allegations in Paragraph 70 purport to describe a map included in BLM's biological assessment, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the map's meaning and/or context.

71. ///

72. ///

73. ///

74. Paragraph 74 purports to depict a map included in BLM's biological assessment, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the map's meaning and/or context.

75.     Paragraph 75 purports to depict a map included in BLM's biological assessment, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the map's meaning and/or context.

76.     Defendant admits the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 purport to describe and characterize the BiOp and/or BLM's environmental assessments which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp, or environmental assessments' plain language, meaning, and/or context.

78.     The allegations in Paragraph 78 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

79.     The allegations in Paragraph 79 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

80.     The allegations in Paragraph 80 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

81.     The allegations in the first and second sentences of Paragraph 81 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. Defendant denies the allegations in the third sentence of Paragraph 81.

82.     The allegations in Paragraph 82 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

83.     The allegations in the first and second sentences of Paragraph 83 purport to describe and characterize the BiOp and/or BLM's environmental assessments, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp and/or environmental assessments' plain language, meaning, and/or context. Defendant denies the allegations in the third sentence of Paragraph 83.

84.     The allegations in Paragraph 84 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

85.     The allegations in Paragraph 85 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

86.     The allegations in Paragraph 86 purport to describe and characterize the BiOp and Incidental Take Statement, which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the BiOp or Incidental Take Statement's plain language, meaning, and/or context.

87.     In response to the allegations in Paragraph 87, Defendant restates and incorporates by reference their response to all preceding paragraphs.

88.     The allegations in the first, second, and third sentences of Paragraph 88 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. The allegations also purport to describe and characterize the ESA, or this Court's

opinion in *Native Fish Society v. National Marine Fisheries Service*, 992 F. Supp. 2d 1095 (D. Or. 2014), which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the ESA or the opinion's plain language, meaning, and/or context. The allegations in the fourth sentence of Paragraph 88 purport to describe this Court's opinion in *Native Fish Society v. National Marine Fisheries Service*, 992 F. Supp. 2d 1094 (D. Or. 2014)), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the opinion's plain language, meaning, and/or context.

89.     The allegations in the first, second, and third sentences in Paragraph 89 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. The allegations in the fourth sentence of Paragraph 89 are vague and ambiguous, and Defendants deny the allegations on that basis.

90.     The allegations in the first sentence of Paragraph 90 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. The allegations in the second sentences of Paragraph 90 purport to describe and characterize an article by Alan B. Franklin entitled "Population Regulation in Northern Spotted Owls" (1992), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the article's plain language, meaning, and/or context. Defendant denies the allegations in the third sentence of Paragraph 90. The allegations in the fourth sentence of Paragraph 90 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

91.     Defendant denies the allegations in the first sentence of Paragraph 91. The allegations in the second sentence of Paragraph 91 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

92.     The allegations in Paragraph 92 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

93.     The allegations in Paragraph 93 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

94.     The allegations in Paragraph 94 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. Defendant further denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

95.     In response to the allegations in Paragraph 95, Defendant restates and incorporates by reference their response to all preceding paragraphs.

96.     The allegations in Paragraph 96 purport to describe and characterize the Ninth Circuit's opinion in *Center for Biological Diversity v. Bernhardt*, 982 F.3d 723 (9th Cir. 2020), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the opinion's plain language, meaning, and/or context.

97.     The allegations in Paragraph 97 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

98.     The allegations in the first sentence of Paragraph 98 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant

denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 98 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. The allegations in the third and fourth sentences of Paragraph 98 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. The allegations in the fifth sentence of Paragraph 98 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. The allegations in the sixth sentence of Paragraph 98 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

99.     The allegations in the first and second sentences of Paragraph 99 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. The allegations in the third sentence of Paragraph 99 are vague and ambiguous, and Defendant denies the allegations on that basis. The allegations in the fourth sentence of Paragraph 99 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. Defendant denies the allegations in the fifth sentence of Paragraph 99. The allegations in the sixth sentence of Paragraph 99 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

100.    The allegations in the first sentence of Paragraph 100 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context. Defendant denies the allegations in the second and third sentences of Paragraph 100.

101.    The allegations in Paragraph 101 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

102.    The allegations in Paragraph 102 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. Defendant further denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

103.    In response to the allegations in Paragraph 103, Defendant restates and incorporates by reference their response to all preceding paragraphs.

104.    The allegations in the first sentence of Paragraph 104 purport to describe and characterize the ESA and the Ninth Circuit's opinion in *Oregon Natural Resources Council v. Allen*, 476 F.3d 1031 (9th Cir. 2007), which speak for themselves and are the best evidence of their contents. Defendant denies any allegations inconsistent with the ESA or the opinion's plain language, meaning, and/or context. The allegations in the second sentence of Paragraph 104 purport to describe and characterize the ESA, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the ESA's plain language, meaning, and/or context.

105.    The allegations in Paragraph 105 purport to describe and characterize the BiOp, which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the BiOp's plain language, meaning, and/or context.

106.    The allegations in Paragraph 106 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. The allegations in Paragraph 106 also purport to describe and characterize the Ninth Circuit's opinion in *Arizona Cattle Grower's Association v. United States Fish and Wildlife Service*, 273 F.3d 11229 (9th Cir. 2001), which speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the opinion's plain language, meaning, and/or context.

107.    The allegations in Paragraph 107 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

108.    The allegations in Paragraph 108 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations.

109.    The allegations in Paragraph 109 are legal conclusions that require no response. To the extent a response is required, Defendant denies the allegations. Defendant further denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

The remainder of the Complaint constitutes Plaintiffs' request for relief, which requires no response. To the extent a response is required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

All allegations of the Complaint that are not specifically admitted, denied, or qualified are hereby expressly denied.

## AFFIRMATIVE AND OTHER DEFFENSES

1. The Court lacks jurisdiction over some or all of Plaintiffs' claims.

2. Plaintiffs lack standing to bring some or all of their claims.

3. Plaintiffs have failed to allege facts that constitute a violation of law or otherwise to state a claim upon which relief may be granted.

4.  Some or all of Plaintiffs' claims may be time barred.


Dated: April 2, 2021


Respectfully submitted,

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, a true and correct copy of the above document was electronically filed with the Clerk of Court using CM/ECF. Copies of the document will be served upon interested counsel via the Notices of Electronic Filing that are generated by CM/ECF.

/s/ *Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorney for Defendant