Sara Ghafouri, OSB #111021
Lawson E. Fite, OSB #055573
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
Email: lfite@amforest.org

Attorneys for Proposed Defendant-Intervenors

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD,** and **CASCADIA WILDLANDS**,<br><br>        Plaintiffs,<br><br>              vs.<br><br>**UNITED STATES FISH AND WILDLIFE SERVICE**,<br><br>        Defendant,<br><br>                      and<br><br>**BOISE CASCADE WOOD PRODUCTS, L.L.C.**, a Delaware Limited Liability Corporation, and **TIMBER PRODUCTS COMPANY**, an Oregon Corporation.<br><br>        Proposed Defendant-Intervenors.<br>_____ | Civil No. 1:21-cv-00058-CL<br><br>**[PROPOSED] DEFENDANT-INTERVENORS' ANSWER** |

For its Answer to plaintiffs' Complaint (ECF No. 1), proposed defendant-intervenors Boise Cascade Wood Products, L.L.C. and Timber Products Company, (Intervenors) state:

**INTRODUCTION**

1.  Intervenors admit the first sentence.  The allegations in the second sentence consist of plaintiffs' characterizations of their lawsuit, which requires no response.  To the extent a response may be required, Intervenors deny the allegations in the second sentence.

2.  Intervenors admit the first sentence.  Intervenors admit the allegations in the second sentence that provides: "[o]n July 24, 2020, FWS transmitted its BiOp" but deny the remaining allegations in this sentence.  Intervenors further aver that Bear Grub and Round Oak are projects, with separate environmental assessments, and BLM has issued Decisions Records for timber sales associated with those projects.

3.  The allegations in the first sentence purport to characterize BLM's Decision Records for the timber sales associated with the Bear Grub Vegetation Management Project (Bear Grub Project) and the Round Oak Forest Management Project (Round Oak Project), which speak for themselves and require no response.  To the extent a response may be required, Intervenors deny the allegations in the first sentence.  The allegations in the second sentence purport to characterize the July 24, 2020 Biological Opinion (2020 BiOp) and the Environmental Assessments for the Bear Grub and Round Oak Projects, which speak for themselves and require no response.  To the extent a response may be required, Intervenors deny the allegations in the second sentence that are inconsistent with the documents' plain language, meaning or context.

4.  The allegations in the first sentence purport to characterize the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny the allegations in the first sentence that are inconsistent with the 2020 BiOp's plain language,

meaning or context. The allegations in the second sentence contain legal conclusions, which require no response. To the extent a response may be required, Intervenors deny the allegations in the second sentence.

5. Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the first sentence and, therefore, deny the allegations. Intervenors admit the allegation that "FWS has determined that the uplisting the species to Endangered is 'warranted but precluded" but the remaining allegations are vague and ambiguous and, therefore Intervenors deny the remaining allegations. Intervenors deny the allegations in the third sentence.

## JURISDICTION

6. The allegations in this paragraph consist of legal conclusions, which require no response. To the extent a response may be required, Intervenors deny the allegations in this paragraph.

## VENUE

7-8. The allegations in paragraphs 7-8 consist of legal conclusions, which require no response. To the extent a response may be required, Intervenors deny the allegations those paragraphs.

## PARTIES

9-11. Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in paragraphs 9-11 and, therefore, deny the allegations in those paragraphs.

12. Intervenors admit the allegations in this paragraph.

## LEGAL AND FACTUAL BACKGROUND

**The Administrative Procedures Act**

13-14. The allegations paragraphs 13-14 purport to characterize the Administrative Procedure Act (APA), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegation inconsistent with the APA's plain language, meaning,

or context.

15. The allegations in this paragraph purpose to quote and characterize the decision in *Lands Council v. McNair*, 629 F.3d 1070, 1074 (9th Cir. 2010), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegation inconsistent with the opinion's plain language, meaning, or context.

**The Endangered Species Act**

16-22. The allegations in paragraphs 16-22 purport to quote and characterize the Endangered Species Act (ESA), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in paragraphs 16-22 inconsistent with the ESA's plain language, meaning, or context.

23. Intervenors admit the allegations in this paragraph and aver that the correct citations of ongoing litigation related to 84 Fed. Reg. 45,016 (Aug. 27, 2019) are as follows: *Ctr. for Biological Diversity v. Bernhardt*, No. 19-05206-JST (N.D. Cal. Aug. 21, 2019); *California v. Bernhardt*, No. 19-06013-JST, 2020 WL 3097091 (N.D. Cal. Sept. 25, 2019); *Animal Legal Defense Fund v. Bernhardt*, No. 19-06812-JST (N.D. Cal. Oct. 21, 2019).

24-25. The allegations in paragraphs 24-25 purport to quote and characterize ESA's implementing regulation, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in paragraphs 24-25 inconsistent with the regulation's plain language, meaning, or context.

**The Northern Spotted Owl** *(Strix occidentalis caurina)*

26. Intervenors admit the allegations in this paragraph.

27. Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph and, therefore, deny the allegations.

28. Intervenors admit the allegations in this paragraph.

[PROPOSED] DEFENDANT-INTERVENORS' ANSWER – Page 3

29-32.  The allegations in paragraphs 29-32 purport to quote and characterize 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in paragraphs 29-32 inconsistent with the 2020 BiOp's plain language, meaning, or context.

33.  The allegations in this paragraph purport to characterize FWS's Protocol for Surveying Proposed Management Activities that may Impact Northern Spotted Owls (Feb. 7, 2011; Revised Jan. 9, 2012), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations inconsistent with the Protocol's plain language, meaning, or context.

34.  The allegations in this paragraph purport to characterize the 2020 BiOp and two scientific studies—Franklin, Alan B., Climate, Habitat Quality, and Fitness in Northern Spotted Owl Populations in Northwestern California, ECOLOGICAL MONOGRAPHS 70(4), 573 (2000); Dugger, Katie M., The Relationship Between Habitat Characteristics and Demographic Performance of Northern Spotted Owls in Southern Oregon, THE CONDOR 107, 876 (2005)—which speaks for themselves and require no response.  To the extent a response may be required, Intervenors deny any allegations inconsistent with the 2020 BiOp's and scientific studies' plain language, meaning, or context.

35.  The allegations in this paragraph purport to characterize the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations inconsistent with the 2020 BiOp's plain language, meaning, or context.

36.  The allegations in the first sentence purport to characterize the Determination of Threatened Status for the Northern Spotted Owl, 55 Fed. Reg. 26, 114 (June 26, 1990), which speaks for itself and requires no response.  To the extent a response may be required, Intervenors

deny any allegations inconsistent with the Determination's plain language, meaning, or context. The allegations in the second sentence purport to characterize the 12-Month Finding for the Northern Spotted Owl, 85 Fed. Reg. 81,144 (Dec. 15, 2020), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations inconsistent with the 12-Month Finding's plain language, meaning, or context. The allegations in the third sentence purport to characterize the complaint filed in *Envtl. Prot. Info. Ctr. v. U.S. Fish & Wildlife Serv.*, 3:20-cv-08657 (N.D. Cal. Dec. 8, 2020), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations inconsistent with the complaint's plain language, meaning, or context.

**The Northern Spotted Owl Recovery Plan**

37.   Intervenors admit the allegations in this paragraph.

38-40.   The allegations in paragraphs 38-40 purport to quote and characterize the Revised Recovery Plan (76 Fed. Reg. 38,575 (July 1, 2011), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in paragraphs 38-40 inconsistent with the Revised Recovery Plan's plain language, meaning, or context.

**Northern Spotted Owl Critical Habitat**

41.   Intervenors admit the allegations in this paragraph and further aver that FWS issued a Final Rule on January 15, 2021 revising the critical habitat for the northern spotted owl and the effective date has been delayed to April 30, 2021. See Revised Designation of Critical Habitat for the Northern Spotted Owl, 86 Fed. Reg. 4,820 (Jan. 15, 2021); Revised Designation of Critical Habitat for the Northern Spotted Owl; Delay of Effective Date, 86 Fed. Reg. 11,892 (Mar. 1, 2021).

[PROPOSED] DEFENDANT-INTERVENORS' ANSWER – Page 5

42-45. The allegations in paragraphs 42-45 purport to quote and characterize the Designation of Revised Critical Habitat for the Northern Spotted Owl, 77 Fed. Reg. 71,876 (Dec. 4, 2012) (2012 Critical Habitat Rule), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in paragraphs 42-45 inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, or context.

46. The allegations in the first sentence purport to characterize the 2020 BiOp, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the first sentence inconsistent with the 2020 BiOp's plain language, meaning, or context. The allegations in the second and third sentences purport to characterize the 2012 Critical Habitat Rule, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in second and third sentences inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, or context.

47-50. The allegations in paragraphs 47-50 purport to quote and characterize the 2012 Critical Habitat Rule, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in paragraphs 47-50 inconsistent with the 2012 Critical Habitat Rule's plain language, meaning, or context.

51. The allegations in this paragraph purport to characterize the BLM's 2016 Resource Management Plan (2016 RMP) for Southwest Oregon, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2016 RMP's plain language, meaning, or context.

52. The allegations in this paragraph purport to characterize the 2020 BiOp, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BiOp's plain language, meaning, or

context.

**Northern Spotted Owl Demography, Persistence, and Recovery**

53.     Intervenors admit the allegations in the first sentence.  The allegations in the second sentence are vague and ambiguous and, therefore, Intervenors deny the allegations in that sentence.  The allegations in the third and fourth sentences purport to characterize 2016 and 2018 scientific studies, which speaks for themselves and require no response.  To the extent a response may be required, Intervenors deny any allegations inconsistent with the 2016 and 2018 scientific studies' plain language, meaning, or context.

54.     The allegations in this paragraph purport to characterize the Revised Recovery Plan, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the Revised Recovery Plan's plain language, meaning, or context.

55.     The allegations in this paragraph purport to characterize Olson, Gail S. et al, *Modeling of Site Occupancy Dynamics for Northern Spotted Owls, with Emphasis on the Effects of Barred Owls*, J. OF WILDLIFE MGMT. 69(3), 924 (2005), which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the article's plain language, meaning, or context.

56.     The allegations in the first sentence purport to characterize unidentified research, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first sentence inconsistent with the research's plain language, meaning, or context.  The allegations in the second sentence purport to quote and characterize Wiens, David J., *Competitive Interactions and Resource Partitioning Between Northern Spotted Owls and Barred Owls in Western Oregon*, WILDLIFE MONOGRAPHS 185, 38 (2014), which

speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the second sentence inconsistent with the article's plain language, meaning, or context. The allegations in the third sentence purport to quote and characterize Dugger, Katie M., *The effects of habitat, climate, and Barred Owls on long-term demography of Northern Spotted Owls*, THE CONDOR 118 (2016), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the second sentence inconsistent with the article's plain language, meaning, or context.

57.     The allegations in this paragraph are vague and ambiguous and, therefore, Intervenors deny the allegations in this paragraph.

58.     Intervenors deny the allegations in this paragraph.

**Wildfire Risk in Southwestern Oregon**

59.     The allegations in this paragraph are vague and ambiguous and, therefore, Intervenors deny the allegations.

60.     The allegations in the first sentence purport to characterize D.C. Donato, et al., *Post-Wildfire Logging Hinders Regeneration and Increases Fire Risk*, SCIENCE 311 (Jan. 20, 2006), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the first sentence inconsistent with the article's plain language, meaning, or context. The allegations in the second sentence purport to characterize Zald, Harold S. J. and Dunn, Christopher J., *Severe fire weather and intensive forest management increase fire severity in a multi-ownership landscape*, ECOLOGICAL APPLICATIONS, 1-13 (2018) and Clark, Darren A. et al, *Relationship Between Wildfire, Salvage Logging, and Occupancy of Nesting Territories by Northern Spotted Owls*, J. OF WILDLIFE MGMT. 77(4), 672–688 (2013), which speaks for themselves and require no response. To the extent a response may be required, Intervenors deny any allegations in the

[PROPOSED] DEFENDANT-INTERVENORS' ANSWER – Page 8

second sentence inconsistent with the articles' plain language, meaning, or context. The allegations in the third sentence purport to characterize Lesmeister, Damon B. et al, *Mixed-severity wildfire and habitat of an old-forest obligate*, ECOSPHERE 10(4) (April 2019), which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the third sentence inconsistent with the article's plain language, meaning, or context.

61.     The allegations in this paragraph are vague and ambiguous and, therefore, Intervenors deny the allegations.

62.     The allegations in this paragraph purport to characterize the United States Forest Service May 19, 2019 News Release, available at https://www.nrs.fs.fed.us/news/release/wui-increase, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the third sentence inconsistent with the New Release's plain language, meaning, or context.

**The 2016 Resource Management Plan for Southwestern Oregon**

63.     Intervenor admits the allegations in the first sentence. The allegations in the second, third, fourth, and fifth sentences purport to quote and characterize the Federal Land Policy and Management Act (FLPMA) and 43 C.F.R. § 1610.5-3(a), which speaks for themselves and requires no response. To the extent a response may be required, Intervenors deny any allegations in the remaining sentences inconsistent with FLPMA's and the regulation's plain language, meaning, or context.

64.     Intervenors admit the allegations in this paragraph.

65.     The allegations in this paragraph purport to characterize the 2016 RMP, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any

allegations in this paragraph inconsistent with the 2016 RMP's plain language, meaning, or context.

66. The allegations in the first sentence are vague and ambiguous and, therefore, Intervenors deny the allegations. Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the second sentence and, therefore, deny the allegations the second sentence.

**The Medford District BLM's Fiscal Year 2020 Projects**

67. Intervenors admit that the allegations in the first sentence but aver that Bear Grub and Round Oak are not "timber sale projects" but include timber sale components to those projects. The allegations in the second sentence purports to characterize the BLM's 2020 Biological Assessment, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in the second sentence inconsistent with the 2020 BA's plain language, meaning, or context.

68. Intervenors admit the allegations in the first sentence that the Roseburg Field Office of FWS transmitted the 2020 BiOp on July 24, 2020 but clarify that the 2020 BiOp analyzed the impacts from the Bear Grub and Round Oak Projects, not individual timber sales. The allegations in the second sentence purport to characterize the 2020 BiOp, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in second sentence inconsistent with the 2020 BiOp's plain language, meaning, or context.

69. Intervenors deny the allegations in the paragraph and aver that the timber sales associated with the Bear Grub and Round Oak Projects are located in southwest Oregon, between the Cascade mountain range and the Coast Range.

70. The allegations in this paragraph purport to describe a map included in the BLM's 2020 BA, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BA's plain language, meaning, or context.

71. ///

72. ///

73. ///

74. This paragraph purports to depict a map include in the BLM's 2020 BA, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BA's plain language, meaning, or context.

75. This paragraph purports to depict a map include in the BLM's 2020 BA, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BA's plain language, meaning, or context.

76. Intervenors admit the allegations in this paragraph.

77. The allegations in this paragraph purport to characterize the 2020 BiOp and/or the Environmental Assessments (EAs) for the Bear Grub and the Round Oak Projects, which speak for themselves and requires no response. To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BiOp's and the EAs' plain language, meaning, or context.

78-80. The allegations in paragraphs 78-80 purport to characterize the 2020 BiOp, which speaks for itself and requires no response. To the extent a response may be required, Intervenors deny

any allegations in paragraphs 78-80 inconsistent with the 2020 BiOp's plain language, meaning, or context.

81.     The allegations in the first and second sentences of this paragraph purport to characterize the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first and second sentences inconsistent with the 2020 BiOp's plain language, meaning, or context.  Intervenors deny the allegations in third sentence.

82.     The allegations in this paragraph purport to quote and characterize the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BiOp's plain language, meaning, or context.

83.     The allegations in the first and second sentences purport to characterize the 2020 BiOp and/or the EAs for the Bear Grub and the Round Oak Projects, which speaks for themselves and requires no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BiOp's and the EAs' plain language, meaning, or context.  The allegations in the third sentence purport to characterize the 2016 BiOp for the 2016 RMP, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in third sentence inconsistent with the 2016 BiOp's plain language, meaning, or context.

84-85.  The allegations in paragraphs 84-85 purport to quote and characterize the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in paragraphs 84-85 inconsistent with the 2020 BiOp's plain language, meaning, or context.

86.     The allegations in this paragraph purport to quote and characterize the Incidental Take Statement in the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the 2020 BiOp Incidental Take Statement's plain language, meaning, or context.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Violation of the Endangered Species Act

### FWS failed to consider important aspects of the problem in the FY 2020 BiOp

87.     Intervenors incorporate by reference their response to all preceding paragraphs.

88.     The allegations in the first and second sentences purport to characterize the ESA, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first and second sentences inconsistent with the ESA's plain language, meaning, or context.  The allegations in the third and four sentences purport to quote and characterize the decision in *Native Fish Soc. v. Nat'l Marine Fisheries Servs*., 992 F.Supp.2d 1095, 1111 (D. Or. 2014), which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the third and fourth sentences inconsistent with the opinion's plain language, meaning, or context.

89-94.  Intervenors deny the allegations in paragraphs 89-94.

## SECOND CLAIM FOR RELIEF

### Violation of the Endangered Species Act

### FWS improperly relied on conservation measures in reaching its no jeopardy and no destruction or adverse modification conclusions

95.     Intervenors incorporate by reference their response to all preceding paragraphs.

96.     The allegations in this paragraph purport to quote and characterize the decision in *Ctr. for Biological Diversity v. Bernhardt*, No. 18-73400, 2020 WL 7135484 (9th Cir. Dec. 7, 2020), which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the opinion's plain language, meaning, or context.

97.     Intervenors deny the allegations in this paragraph.

98.     The allegations in the first, third, and sixth sentences purport to characterize and quote the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first, third, and sixth sentences inconsistent with the 2020 BiOp's plain language, meaning, or context.  Intervenors deny the allegations in the second, fourth, and fifth sentences.

99.     The allegations in the first, second and fourth sentences purport to characterize and quote the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first, second and fourth sentences inconsistent with the 2020 BiOp's plain language, meaning, or context.  The allegations in the third sentence are vague and ambiguous and, therefore, Intervenors deny the same.  Intervenors lack sufficient information or knowledge to form a belief as to the truth of the allegations in the fifth sentence and, therefore, deny the allegations.  The allegations in the sixth sentence purport to quote and characterize the decision in *Ctr. for Biological Diversity v. Bernhardt*, No. 18-73400, 2020 WL 7135484 (9th Cir. Dec. 7, 2020), which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the sixth inconsistent with the opinion's plain language, meaning, or context.

100.    The allegations in the first sentence purport to characterize and quote the 2020 BiOp,

which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first sentence inconsistent with the 2020 BiOp's plain language, meaning, or context.  Intervenors deny the allegations in the second and third sentences.

101-102.  Intervenors deny the allegations in paragraphs 101-102.

## THIRD CLAIM FOR RELIEF

## Violation of the Endangered Species Act

**FWS's failure to authorize incidental take for the Bear Grub and Round Oak timber sales is arbitrary and capricious**

103.　Intervenors incorporate by reference their response to all preceding paragraphs.

104.　The allegations in this paragraph purport to quote and characterize the ESA and the decision in *Or. Nat. Res. Council v. Allen*, 476 F.3d 1031, 1034 (9th Cir. 2007), which speak for themselves and require no response.  To the extent a response may be required, Intervenors deny any allegations in this paragraph inconsistent with the ESA's and opinion's plain language, meaning, or context.

105.　The allegations in the first, second, third and fourth sentences purport to characterize and quote the 2020 BiOp, which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the first, second, third and fourth sentences inconsistent with the 2020 BiOp's plain language, meaning, or context.  Intervenors deny the allegations in the fifth sentence.

106.　Intervenors deny the allegations in the first sentence.  The allegations in the second sentence purport to cite and quote the decision in *Ariz. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1238 (9th Cir. 2001), which speaks for itself and requires no response.  To the extent a response may be required, Intervenors deny any allegations in the

second sentence inconsistent with the opinion's plain language, meaning, or context.

107-109.  Intervenors deny the allegations in paragraphs 107-109.

## PLAINTIFFS' PRAYER FOR RELIEF

The remainder of plaintiffs' Complaint consists of the request for relief, which requires no response.  To the extent a response may be required, Intervenors deny the allegations.

## GENERAL DENIAL

Intervenors deny each and every allegation of plaintiffs' complaint not otherwise expressly admitted, qualified, or denied.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to state a claim)

Plaintiffs have failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver/Estoppel)

Plaintiffs are barred from presenting some or all claims by waiver or estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims are barred to the extent they were not raised appropriately in administrative proceedings before the agency.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

Plaintiffs lack standing to pursue some or all of their claims because they fail to present a case or controversy under Article III of the U.S. Constitution.  To the extent that plaintiffs claim

organizational standing on behalf of members, those members lack standing or plaintiffs lack standing to represent the members even if the members have standing in their own right.

WHEREFORE, Boise Cascade Wood Products, L.L.C. and Timber Products Company respectfully request that the Court deny plaintiffs' request for relief, dismiss the case with prejudice, and grant any other relief deemed appropriate.

Dated this 16th day of April, 2021.

/s/ Sara Ghafouri
Sara Ghafouri, Ore. Bar #111021
Lawson E. Fite, Ore. Bar #055573
American Forest Resource Council
700 N.E. Multnomah, Suite 320
Portland, Oregon 97232
Telephone: (503) 222-9505
Fax: (503) 222-3255
Email: sghafouri@amforest.org
Email: lfite@amforest.org

Attorneys for Proposed Defendant-Intervenors

## CERTIFICATE OF SERVICE

I, Sara Ghafouri, hereby certify that I, on April 16, 2021, I caused the foregoing to be served upon counsel of record through the Court's electronic service system.

Dated this 16th day of April, 2021.

                              <u>/s/ Sara Ghafouri</u>
                              Sara Ghafouri