JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Facsimile: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

Attorneys for Federal Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| KLAMATH-SISKIYOU WILDLANDS CENTER, OREGON WILD, AND CASCADIA WILDLANDS,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>    Defendant,<br><br>and<br><br>BOISE CASCADE WOOD PRODUCTS, L.L.C. and TIMBER PRODUCTS COMPANY,<br><br>    Defendant-Intervenors. | Case No.: 1:21-cv-00058-CL<br><br>FEDERAL DEFENDANT'S MOTION TO STRIKE THE SECOND DECLARATION OF GEORGE SEXTON |

Federal Defendant's Motion to Strike the Second Declaration of George Sexton - 1

The U.S. Fish and Wildlife Service ("Service") objects to Plaintiffs filing a declaration containing new allegations and evidence after briefing was completed on Plaintiffs' motion for a temporary restraining order and preliminary injunction and a mere two business days before the Court holds oral argument on Plaintiffs' motion. *See* Second Declaration of George Sexton, ECF 27. Plaintiffs' declaration is procedurally improper and highly prejudicial to the Service. Therefore, as explained below, the Court should strike the declaration. The parties made a good faith effort to resolve this dispute and have been unable to do so. Plaintiffs intend to oppose this motion. Defendant-Intervenors do not oppose the motion and may join it.

In support of this motion, the Service states as follows:

1.    On May 10, 2021, Plaintiffs filed a motion for a temporary restraining order and preliminary injunction, requesting expedited hearing from this Court. ECF 16. With their motion, Plaintiffs included a declaration from Mr. George Sexton, the Conservation Director for plaintiff Klamath Siskiyou Wildlands Center and a member of all of the plaintiff organizations. ECF 16-2.

2.    Following a status conference, the Court entered a scheduling order requiring the Service and Defendant-Intervenors to submit responses to Plaintiffs' motion for a temporary restraining order and preliminary injunction by May 20. ECF 19. However, the Court's scheduling order did not provide for a reply brief.[1] *Id.* Plaintiffs have not filed a reply brief and, in any event, any reply brief filed after June 3 would have been overdue under the Court's Local Rules of Civil Procedure. LR 7-1(e).

3.    Plaintiffs nonetheless filed a new declaration from Mr. Sexton (untethered to any brief) on Friday, June 4. ECF 27. Plaintiffs' new declaration specifically states that it was provided to the Court "in response to Federal Defendant's and Defendant-Intervenors' opposition briefs to KS Wild's motion for a temporary restraining order/preliminary injunction." *Id.* ¶ 2.

4.    Plaintiffs' declaration raises new allegations regarding both standing and irreparable harm—issues that the Court must decide when ruling on Plaintiffs' motion for a temporary

---

[1] Plaintiffs did not request the opportunity to submit a reply brief at the status conference.

restraining order and preliminary injunction. *Id.* ¶ 3 ("I have been very clear that northern spotted owls, their persistence, and their old growth forest habitat is extraordinarily important to me and KS Wild, that the ongoing logging at the Lodgepole and Ranchero timber sales remove that habitat and further stress the ability of spotted owls to continue to exist, and that this harm stems from FWS' FY 2020 biological opinion challenged in this litigation. While it may be the opinion of the government and timber intervenors that the loss of this currently suitable habitat 'doesn't matter' because surveys have not located spotted owls in harvest units, the loss of suitable habitat does matter to me and KS Wild: in fact, it causes us irreparable harm."); *id.* ¶ 4, 8, 10, 13, 16-17. The declaration also raises arguments that relate to the merits of Plaintiffs' claims and seek to undermine the Service's biological opinion that Plaintiffs are challenging, the U.S. Bureau of Land Management's 2016 Resource Management Plan, and the Service's arguments in its briefing. *See, e.g.*, *id.* ¶ 3, 9, 13. The declaration also includes new evidence: pictures that were taken six days after the Service submitted its response to Plaintiffs' motion. *Id.* Exhibits 1-7.

5.   Plaintiffs' new declaration from Mr. Sexton comes without the Court's permission, two business days before oral argument on Plaintiffs' motion for a temporary restraining order and preliminary injunction, and without affording the Service a reasonable opportunity to respond.

6.   Plaintiffs bear the burden of establishing that their extraordinary request for preliminary injunctive relief is warranted. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). To meet their burden, Plaintiffs have to show (among other things) that they are likely to succeed on the merits, are likely to suffer irreparable harm in the absence of preliminary relief, and that they have Article III standing. *Id.*; *Yazzie v. Hobbs*, 977 F.3d 964, 966 (9th Cir. 2020) (per curiam). As with any matter where the movant bears the burden of proof, Plaintiffs were required to meet their burden in their opening submission, "in order to afford Defendants a full and fair opportunity to respond." *See In re Flash Memory Antritrust Litig.*, No. 07-cv-86-SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010) (declining to consider reply "evidence [that] should have been proffered with Plaintiffs' moving papers"). Plaintiffs failed to initially meet their burden, as

evidenced by their attempt to raise additional allegations and submit new evidence regarding standing, irreparable harm, and the merits.

7. "Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court," *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), and the "adversarial testing process works to produce a just result under the standards governing decision," *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Plaintiffs' efforts to shield their new declaration from the rigors of the adversarial process are improper, prejudicial, and should not be allowed.

8. Courts have consistently confirmed that new allegations and evidence raised in reply briefs are improper. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *Calence, LLC v. Dimension Data Holdings, PLC*, 222 F. App'x 563, 566 (9th Cir. 2007) (upholding district court's refusal to consider arguments raised for the first time on reply when considering a motion for preliminary injunction); *Cleavenger v. Univ. of Or.*, No. 13-cv-1908-DOC, 2016 WL 814810, at *4 n.7 (D. Or. Feb. 29, 2016) ("The Court 'decline[s] to consider new issues raised for the first time in a reply brief'") (quoting *Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 (9th Cir. 2003)). Plaintiffs' new declaration is even more egregious than filing a reply brief with new allegations and evidence as it came without a corresponding reply brief and after the briefing schedule established by the Court (or even the default briefing schedule in the Local Rules) had closed. Under the Local Rules, any reply brief (i.e., the last opportunity to submit information to the Court before a decision on the motion absent a notice of supplemental authority) was due on June 3. Plaintiffs submitted the declaration the following day.

9. In much the same way, Plaintiffs' new declaration is highly prejudicial. By depriving the Service of a full and fair opportunity to respond to the new allegations and evidence, Plaintiffs

Federal Defendant's Motion to Strike the Second Declaration of George Sexton - 4

ask for their request for a temporary restraining order and preliminary injunction to be considered on less than a full record.[2]

In sum, there is no justification for Plaintiffs' eleventh-hour maneuver. Plaintiffs could have raised their allegations regarding standing, irreparable harm, and the merits in their motion for a temporary restraining order and preliminary injunction or the first declaration of Mr. Sexton. And Plaintiffs had already submitted photographs as exhibits with Mr. Sexton's first declaration. As explained in the Service's opposition brief to Plaintiffs' motion for a temporary restraining order and preliminary injunction, the biological opinion Plaintiffs challenge was finalized on July 24, 2020. Plaintiffs had ample opportunity to develop and present a motion that heeds the requirements of the law—i.e., a motion that presents the law, facts, allegations, and evidence Plaintiffs contend support their request for extraordinary judicial relief. But they did not. Plaintiffs' new declaration, which amounts to litigation by ambush, prejudices the Service's ability to respond, risks important issues being decided on an incomplete record, and should not be permitted. The Court therefore should strike the Second Declaration of George Sexton.

Dated: June 7, 2021

JEAN E. WILLIAMS, Acting Assistant Attorney General
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

*/s/ Kaitlyn Poirier*
KAITLYN POIRIER, Trial Attorney (TN Bar # 034394)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 307-6623
Fax: (202) 305-0275
Email: kaitlyn.poirier@usdoj.gov

---

[2] Given how recently the new declaration was filed, the Service has not fully explored all of the infirmities with the declaration. However, the Service does not believe the declaration cures the defects the agency identified in its opposition to Plaintiffs' motion for a temporary restraining order and preliminary injunction: Plaintiffs do not have Article III standing and have not established that they are likely to suffer irreparable harm in the absence of an injunction.

Attorneys for Federal Defendant

## CERTIFICATE OF SERVICE

I certify that on June 7, 2021, the foregoing was electronically filed through the Court's electronic filing system, which will generate automatic service on all parties enrolled to receive such notice.

/s/ Kaitlyn Poirier
Kaitlyn Poirier
Trial Attorney, U.S. Department of Justice

Federal Defendant's Motion to Strike the Second Declaration of George Sexton - 7